UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF TULSA,<br>            Plaintiff,<br><br>v.<br><br>TULSA COUNTY DRAINAGE DISTRICT No. 12, et. al.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 07-CV-00588-CVE-SAJ<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss (Dkt. # 6), filed by Tulsa County Drainage District No. 12 ("District 12"). On July 9, 2007, plaintiff The Board of County Commissioners for the County of Tulsa ("Board") filed the instant action in Tulsa County District Court, seeking dissolution of defendants District 12 and Tulsa County Drainage District No. 13 ("District 13"). Prior to removal to this Court, District 12 moved to dismiss pursuant to Title 12, sections 2012(B)(6),(7), and (10) of the Oklahoma Statutes and sought to disqualify plaintiff's counsel, the County District Attorney. The Tulsa County District Court denied District 12's disqualification motion. Dkt. # 2-4, at 6. The Tulsa County District Court also sustained, without objection, District 12's application to join United States of America, ex rel. the U.S. Army Corps of Engineers ("United States") as a third-party defendant. Id. On October 9, 2007, co-defendant District 13 confessed judgment, and on October 10, the Tulsa County District Court entered a final decree of dissolution of District 13. Id. Shortly thereafter, the United States removed this action. District 12's motion to dismiss is the only issue before the Court.

District 12 alleges that the Board's complaint fails to state a claim upon which relief may be granted, see FED. R. CIV. P. 12(b)(6), and fails to join a necessary party, see FED. R. CIV. P. 12(b)(7), on the grounds that: (1) the Board failed to join the United States, a necessary third-party; and (2) the Board "lacks the capacity to bring and maintain this suit" and "has no legal standing to do so." Because this action has been removed to this Court, the Federal Rules of Civil Procedure now apply. This fact does not affect District 12's arguments, however, as the Oklahoma rules of civil procedure mirror the federal rules.

With respect to District 12's first basis for dismissal, the Court finds that this issue is moot. District 12 joined the United States as a third-party defendant prior to removal. Therefore, this case no longer lacks a necessary party.

With respect to District 12's second basis for dismissal, the Court finds that defendant's argument is without merit. District 12 incorrectly cites to Title 12, section 2012(B)(10) of the Oklahoma Statutes in making its argument that the Board lacks standing to bring suit. Subsection (B)(10) governs lack of capacity to sue, a subject wholly distinguishable from lack of standing. District 12 does not argue that the Board lacks capacity to maintain any suit, just that it lacks standing to bring this suit. Standing is an aspect of subject matter jurisdiction. See Warth v. Seldin, 422 U.S. 490 (1975). Section 2012(B)(1) addresses lack of jurisdiction over the subject matter. Accordingly, the Court will treat District 12's motion as a challenge to standing under Rule 12(b)(1).

District 12 argues that the Board lacks standing because the statutory provision under which this action is brought applies only to persons – not to corporate or political bodies. Dkt. # 6, at 1-2. Title 82, section 446 of the Oklahoma Statutes (repealed 1972) provides that "[w]hen any drainage district has been formed under the provisions of [Oklahoma law] . . . and the purpose for which said

2

drainage district was formed has been accomplished, any person owning lands in and affected by such drainage district may bring suit . . . ."[1] Title 82 does not define "person." District 12 argues that the Board cannot be a person because Title 19, section 1 of the Oklahoma Statutes (Powers [of Counties] in general) defines the Board as a "body corporate and politic." As noted by the Board, however, the Definitions and General Provisions Chapter of the Oklahoma Statutes provides that, in construing Oklahoma Statutes, "[t]he word 'person,' except when used by way of contrast, includes not only human beings, but bodies politic or corporate." OKLA. STAT. tit. 25, § 16. In this case, OKLA. STAT. tit. 82, § 446 does not use the word "person" by way of contrast.

Accordingly, the Court concludes that "person" as used OKLA. STAT. tit. 82, § 446 includes plaintiff Board. Moreover, the Board has pled that: (1) it is a landowner; (2) it pays yearly assessments against its public property; and (3) it pays these assessments to District 12, a drainage district formed pursuant to Oklahoma law. Dkt. # 2-2, at 1. The Court cannot find, therefore, that the Board lacks standing to bring its section 446 claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 6) is **denied**.

**DATED** this 26th day of October, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The 1972 repeal of the "Drains and Ditches" Chapter of Title 82 includes a savings clause. The clause provides that all the drainage districts formed pursuant to Oklahoma law shall have the right to continue to operate pursuant to the "Drains and Ditches" Chapter subsections. OKLA. STAT. tit. 82, § 1085.16. Thus, the repeal of section 446 does not affect the Court's analysis of defendant's dismissal motion.