# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF TULSA, <br>     Plaintiff, <br><br> v. <br><br> TULSA COUNTY DRAINAGE DISTRICT No. 12, et. al., <br><br>     Defendants. | Case No. 07-CV-0588-CVE-SAJ |

## OPINION AND ORDER

Now before the Court is Defendant's Motion for Disqualification of District Attorney (Dkt. # 6), filed by Tulsa County Drainage District No. 12 ("District 12"). On July 9, 2007, plaintiff The Board of County Commissioners for the County of Tulsa ("Board") filed the instant action in Tulsa County District Court, seeking dissolution of defendant District 12. Prior to removal to this Court, District 12 moved to dismiss pursuant to Title 12, sections 2012(B)(6),(7), and (10) of the Oklahoma Statutes. District 12 also sought to disqualify plaintiff's counsel, the Tulsa County District Attorney. The Court denied District 12's dismissal motion in a previous Opinion and Order (Dkt. #8). District 12's disqualification motion is now the only issue before the Court.

District 12 alleges that "an irreconcilable conflict of legal and ethical interests exists between said District Attorney and all of his assistants and his two statutorily designated clients engaged herein." Dkt. # 6. at 7. According to District 12, the District Attorney is the statutorily appointed counsel not only for plaintiff but also for defendant.[1] Title 82, section 447 of the Oklahoma Statutes

---

[1] The District Attorney has a duty to represent the Board pursuant to OKLA. STAT. tit. 19, § 215.4.

(repealed) required the County Attorney, also known as the District Attorney, to appear and represent a drainage district in dissolution proceedings.[2] Id. District 12 further alleges that "the conduct of the District Attorney's office personnel in dealing with this [d]efendant prior to filing of [p]laintiff's petition, and since, has resulted in the violation" of the Rules of Professional Conduct. Id. at 8.

The Board, on the other hand, responds with two arguments. The Board claims that the "District Attorney and his Assistants have never represented or advised [] [District 12] in any capacity since its inception." Dkt. # 2-4, at 57. The Board further claims that OKLA. STAT. tit. 82, § 447 violated the Oklahoma Constitution "to the extent it attempt[ed] to make" the District Attorney the counsel for District 12, because District 12 is not an agency, instrumentality, office, department, board or commission of Tulsa County but is merely an association. Id. at 58-63.

The Court will not address the constitutionality of a repealed statute. The issue properly before the Court is whether the District Attorney and his assistants are disqualified from representing the Board because of an actual or potential conflict of interest. The Court finds that District 12 has failed to allege any facts whatsoever detailing: (i) a current or former attorney-client relationship between the District Attorney and District 12, (ii) the exchange of confidential communications between the District Attorney or his assistants and District 12, or (iii) other professional misconduct by the District Attorney or his assistants. The Court concludes, therefore, that District 12's motion should be denied without prejudice.

---

[2]   The Oklahoma legislature repealed section 447 in 1972. The repeal included a savings clause, which provides that all the drainage districts formed pursuant to Oklahoma law shall have the right to continue to operate pursuant to the "Drains and Ditches" Chapter subsections. OKLA. STAT. tit. 82, § 1085.16.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Disqualification of District Attorney (Dkt. # 6) is **denied** without prejudice.

**DATED** this 29th day of November, 2007.

                                              CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT