UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF TULSA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-CV-0588-CVE-SAJ |
| DRAINAGE DISTRICT NO. 12, | ) ) | |
| Defendant, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES OF AMERICA, ex rel. THE U.S. ARMY CORPS OF ENGINEERS, | ) ) ) ) | |
| Third-Party Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is the United States of America's Motion to Dismiss Third-Party Petition (Dkt. # 9). On July 9, 2007, plaintiff The Board of County Commissioners for the County of Tulsa ("Board") filed the instant action in Tulsa County District Court, seeking dissolution of defendants Tulsa County Drainage District 12 ("District 12") and Tulsa County Drainage District No. 13 ("District 13"). Prior to removal to this Court, the Tulsa County District Court sustained, without objection, District 12's application to join the United States of America, ex rel. the U.S. Army Corps of Engineers ("Corps") as a third-party defendant. Dkt. # 2-4, at 6. On October 9, 2007, co-defendant District 13 confessed judgment, and on October 10, the Tulsa County District Court entered a final decree of dissolution of District 13. Id. Shortly thereafter, the Corps removed this action.

In the third-party complaint, District 12 alleges that a contractual relationship exists between plaintiff and the Corps, "based upon written assurances from Plaintiff to the Corps, that all of the statutory requirements of local cooperation and obligations of Title 82 [of the Oklahoma Statutes] upon the District for protection of its area from floods will be met and the ensuing operation and maintenance functions required by 33 CFR § 208.10 would continue to be performed by [District 12]." Dkt. # 2-3, at 2. District 12 claims that "[t]his contractual relationship exists by reason of the valuable consideration received by Plaintiff resulting from the Federal government having constructed at its cost all of the necessary flood control structures within Tulsa County and then donated them for the public benefit." Id. District 12 does not plead a basis for subject matter jurisdiction. The Corps now moves to dismiss District 12's third-party complaint.[1]

In the motion to dismiss, the Corps asserts several grounds for dismissal. The Corps asserts its sovereign immunity and argues that "without even basic pleading to address sovereign immunity, the third-party petition should be dismissed." Dkt. # 9, at 3. The Corps also argues that the third-party complaint should be stricken pursuant to Fed. R. Civ. P. 14. Id. Alternatively, the Corps argues that this action should be transferred to the United States Court of Federal Claims, id. at 5, or dismissed prior to transfer for failure to state a claim, id. at 8-9. District 12 has not filed a response to the Corps' motion. Thus, at this juncture, the Court finds that it need only address the Corps' "facial attack of the third-party complaint's allegations as to the existence of subject matter jurisdiction." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted).

---

[1]  Because this action has been removed to this Court, the Federal Rules of Civil Procedure now apply. This fact does not affect the analysis pertaining to District 12's third-party complaint, however, as the Oklahoma rules of civil procedure mirror the federal rules.

A party may move to dismiss a third-party complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Under the principle of sovereign immunity, a court lacks subject matter jurisdiction over claims against the United States absent the government's consent to be sued. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); see Wyoming v. United States, 279 F.3d 1214, 1225 (10th Cir. 2002) ("Sovereign immunity generally shields the United States, its agencies, and officers acting in their official capacity from suit."). Therefore, a party suing the United States must allege both a basis for the court's jurisdiction and a specific statute containing a waiver of the government's immunity from suit. Lagerstrom v. Mineta, 408 F. Supp. 2d 1207, 1209 (D. Kan. 2006).

Here, District 12 does not state the jurisdictional basis for its claims. The third-party complaint fails to specify the statute containing the government's consent to be sued. Moreover, the Court agrees with the Corps that "[t]he third-party petition is vague about the basis for any action against the Corps and what relief is sought." Dkt. 9, at 3. The Court finds, therefore, that District 12's third-party complaint should be dismissed.

**IT IS THEREFORE ORDERED** that the United States of America's Motion to Dismiss Third-Party Petition (Dkt. # 9) is **granted**, the Third-Party Petition (Dkt. # 2-3) is **dismissed**, and the United States of America ex rel. the U.S. Army Corps of Engineers is **terminated** as a party.

**IT IS FURTHER ORDERED** that because the United States of America ex rel. the U.S. Army Corps of Engineers is terminated as a party, this Court no longer has federal question jurisdiction pursuant to 28 U.S.C. § 1442. Therefore, this action is **remanded** to the Tulsa County District Court in accordance with 28 U.S.C. § 1447(c).

**DATED** this 29th day of January, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT